UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00170-MOC
[Criminal No. 3:12cr70-1]

| | |
|---|---|
| **LOUIS DANIEL MISENHEIMER, JR.,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the court on initial review of petitioner's Motion to Vacate, Set Aside, or Correct Sentence.

The court has considered the pending motion and determined that, to the extent petitioner seeks relief under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, an initial screening of the petition under Rule 4(b), Rules Governing § 2255Proceedings, is appropriate. The court finds that the petition has <u>NOT</u> been signed under penalty of perjury, Rule 2(b)(5), Rules Governing Section 2255 Proceedings. Petitioner has asserted that jurisdiction exists and/or that this petition has been timely filed under § 2255(f), and the court notes that the petition was filed well within one year of the Judgment becoming final.

After entry of a plea, the court conducted a sentencing hearing at which defendant was represented by counsel. Review of the Judgment in this case reveals that after conducting an inquiry, the court determined that petitioner was Criminal History Category of V and had an Offense Conduct level of 31, resulting in an advisory Guidelines range of 168-210 months. As defendant was subject to a 15 year mandatory minimum as an Armed Career Criminal, the low

1

end of the guidelines range was raised to 180 months, making petitioner's advisory Guidelines range 180-210 months. Petitioner was sentenced at that low end of the advisory Guidelines range to 180 months, which was the mandatory minimum sentence.

Next, the court has reviewed the petition to determine whether petitioner has asserted a colorable claim for relief under § 2255(a) from that Judgment. Read in a light most favorable to petitioner, it appears that he takes issue with the assignment of four levels in the calculation of his offense conduct for possession of the firearm to facilitate his distribution of cocaine. As no objection to such provision was filed by counsel, the court deems such contention to be that his trial counsel was ineffective in failing to object to such four level enhancement.

For a legal basis for such assertion, petitioner relies on the Supreme Court's holding in Alleyne v. United States, 133 S. Ct. 2151 (2013), which issued a month after petitioner was sentenced. Generally, sentencing factors under 18 U.S.C. § 3559(f) can be determined by the court applying a preponderance of the evidence standard. United States v. O'Brien, 130 S. Ct. 2169, 2175 (2010). In Harris v. United States, 536 U.S. 545, 568 (2002), the Court held that increasing mandatory minimums based on judicial fact finding does not violate the Sixth Amendment. Harris was overruled in Alleyne v. United States, 133 S. Ct. 2151 (2013), in which the Court held that facts which increase mandatory minimum sentences must be either admitted by defendant or submitted to the jury and established beyond a reasonable doubt. 133 S. Ct. at 2163. As Alleyne specifically overruled Harris, the Court of Appeals for the Seventh Circuit found that Alleyne establishes a new rule of law. Simpson v. United States, ___ F.3d ___, 2013 WL 3455876 (7th Cir. July 10, 2013). However, the Seventh Circuit went on to hold that Alleyne had not been made retroactively applicable to cases on collateral review by the Supreme Court. Id. (citing Dodd v. United States, 545 U.S. 353 (2005) (holding that the declaration of

retroactivity must come from the Supreme Court)). The court does not need to address the issue of retroactivity here as the claim is resolvable without reaching that issue.

Here, it is clear from the record that petitioner did not go to trial or in any manner contest the PSR finding in paragraph 19. Pursuant to Fed.R.Crim.P. 32(i)(3)(A), a sentencing court "may accept any undisputed portion of the presentence report as a finding of fact." Moreover, even if a defendant objects to a finding in the presentence report ("PSR"), in the absence of an affirmative showing that the information is not accurate, the court is "free to adopt the findings of the presentence report without more specific inquiry or explanation." United States v. Love, 134 F.3d 595, 606 (4th Cir.1998) (internal quotation marks and alteration omitted). Thus, Alleyne has no application to the sentencing in this case as there was no jury empanelled to make any finding relevant to the finding in paragraph 19.

Turning to the issue of whether it could possibly be ineffective for counsel not to object to such provision, petitioner stipulated in his plea agreement to the relevant fact that drove imposition of the mandatory minimum sentence of 180 months. Petitioner stipulated as follows: "[t]he parties agree that the defendant is an Armed Career Criminal pursuant to 18 U.S.C. § 924(e)(l) and is therefore subject to a mandatory minimum 15 year sentence." Thus, petitioner cannot state a colorable claim of ineffective assistance of counsel and his reliance on Alleyne is misplaced.

Having carefully reviewed the entirety of the petition, the court cannot find that petitioner has stated a colorable claim under Section 2255. His contention that the decision in Alleyne is a "substantial change of law that affects movant's enhancements in line number 19 of movant's PSI" (Motion at 1) is only partially correct—Alleyne is a substantial change in the law, Simpson, supra, but it has no impact on the calculation of the sentence which this court imposed. Pursuant

to USSG Chapter 5, Part A, based upon a total offense level of 31 and a criminal history category of V, the guideline range for imprisonment was 168 months to 210 months. However, as the statutorily authorized minimum sentence of 15 years for being an Armed Career Criminal was greater than the minimum of the guideline range, the guideline range was 180 months to 210 months. USSG §5G1.1(c)(2). In exchange for the government withdrawing the notice that would have subjected petitioner to life imprisonment, petitioner stipulated to the fact that he was an Armed Career Offender, and the court entered a sentence in accordance with that stipulation at the bottom end of the guideline range. Thus, there is no colorable claim that counsel was ineffective or that an error remediable under Section 2255 has occurred.

**ORDER**

**IT IS, THEREFORE, ORDERED** that of petitioner's Motion to Vacate, Set Aside, or Correct Sentence is DISMISSED for failure to assert a colorable claim that could entitle petitioner to relief.

**Denial of Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller -El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief

on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: 4/25/2014

Max O. Cogburn Jr.
United States District Judge