**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-276-MOC
(3:12-cr-70-MOC-1)**

| | | |
|---|---|---|
| **LOUIS DANIEL MISENHEIMER, JR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, (Doc. No. 1), on the Government's Motion to Dismiss Petitioner's Motion to Vacate, (Doc. No. 7), on the Government's Motion to Amend/Correct Motion to Dismiss Petitioner's Motion to Vacate, (Doc. No. 8), and on the Government's Amended Motion to Dismiss Petitioner's Motion to Vacate, (Doc. No. 9). Petitioner Louis Daniel Misenheimer is represented by Joshua Carpenter of the Federal Public Defenders of Western North Carolina.

Petitioner seeks relief from his 180-month sentence under 28 U.S.C. § 2255, arguing that he was improperly sentenced as an armed career criminal because he does not have three prior convictions for violent felonies within the meaning of the Armed Career Criminal Act ("ACCA"), see 18 U.S.C. § 924(e). Petitioner relies on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), and the decisions by Fourth Circuit Court of Appeals in United States v. Newbold, 791 F.3d 455 (4th Cir. 2015), and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). For the following reasons, the motion to vacate will be granted.

## I.     BACKGROUND

In 2011, Charlotte-Mecklenburg police officers attempted to speak to Petitioner, who was sitting in the passenger seat of a car parked at a Budget Inn in Charlotte, North Carolina. (Crim. Case No. 3:12-cr-70-MOC-1, Doc. No. 24 at ¶ 8: PSR). Petitioner jumped into the driver's seat of the car and attempted to flee. (Id.). Officers subdued Petitioner and found that he was carrying a stolen, loaded, Taurus .25-caliber handgun. (Id.). Officers searched the car and found crack cocaine, marijuana, and a digital scale. (Id.). Petitioner admitted that he was attempting to sell crack cocaine and that he knew that he should not have possession of a firearm. (Id. at ¶ 10).

A grand jury charged Petitioner with distribution and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count One); possession of a firearm in furtherance of a drug-trafficking crime, in violation of 21 U.S.C. § 924(c) (Count Two); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Three). (Id., Doc. No. 3: Sealed Indictment). The Government filed an Information pursuant to 18 U.S.C. § 3559(c) and 21 U.S.C. § 851, indicating that Petitioner was subject to a mandatory life sentence based on his prior North Carolina state convictions for possession with intent to sell/deliver cocaine, assault with a deadly weapon inflicting serious injury, and robbery with a dangerous weapon. (Id., Doc. No. 10: Information). Petitioner's assault offense occurred in 1992. (Doc. No. 7-1 at 8: Gov. Ex. 1). He was charged with "unlawfully, willfully and feloniously assaulting [the victim] with a handgun, a deadly weapon, with the intent to kill [the victim]," under N.C. GEN. STAT. § 14-32(c). (Id.). Petitioner agreed to plead guilty to the lesser charge of assault with a deadly weapon inflicting serious injury, under N.C. GEN. STAT. § 14-32(b). Although the presumptive term of imprisonment for this offense was three years, Petitioner received an eight-year sentence. (Id. at 4, 6).

Petitioner agreed to plead guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count Three). (Crim. Case No. 3:12-cr-70-MOC-1, Doc. No. 18 at ¶ 1: Plea Agreement). This offense generally carries a maximum term of ten years. See 18 U.S.C. § 922(g); 18 U.S.C. § 924(a)(2). As part of his plea agreement, he agreed that he was an armed career criminal under 18 U.S.C. § 924(e)(1), which subjected him to a 15-year mandatory minimum sentence. (Id. at ¶ 7(b)). In exchange, the Government agreed to dismiss Counts One and Two of the indictment and to withdraw the Section 851 Information filed in support of a mandatory life sentence. (Id. at ¶¶ 2, 7). Petitioner also agreed to waive the right to challenge his conviction and sentence on appeal or in any post-conviction proceeding, except as to claims of ineffective assistance or prosecutorial misconduct. (Id. at ¶¶ 18-19). Following a plea hearing, Magistrate Judge David Cayer determined that Petitioner's guilty plea was knowingly and voluntarily entered and accepted the plea. (Id., Doc. No. 19: Acceptance and Entry of Guilty Plea).

A probation officer issued a presentence report, finding that Petitioner had at least three qualifying convictions that triggered the ACCA enhancement, and the PSR identified the following ACCA predicates: (1) a 1990 conviction for possession with intent to sell/deliver cocaine; (2) a 1990 North Carolina conviction for possession with intent to sell/deliver a controlled substance; (3) a 1994 conviction for assault with a deadly weapon inflicting serious injury;[1] and (4) two counts of robbery with a dangerous weapon. (Id., Doc. No. 24 at ¶¶ 24, 32, 33, 35, 39, 40). Allowing a three-level reduction for acceptance of responsibility, Petitioner's total offense level was 31. (Id. at ¶¶ 25-27).

---

[1] Although the probation officer refers to "assault with a deadly weapon," the conviction he references is assault with a deadly weapon inflicting serious injury. See (Id., Doc. No. 24 at ¶¶ 24, 35).

Petitioner had a criminal history category of V, even without application of the armed career criminal enhancement. (Id. at ¶ 42). Given the 15-year mandatory minimum sentence under the ACCA, Petitioner's guidelines range was 180-210 months of imprisonment. (Id. at ¶ 65). In May 2013, this Court sentenced Petitioner to the mandatory minimum sentence of 180 months of imprisonment. (Id., Doc. No. 30: Judgment).

Petitioner did not appeal, but filed a motion to vacate in 2014, challenging the four-level enhancement for possession of a firearm during another felony. (Id., Doc. No. 36, Civil No. 3:14cv170). This Court construed this as an ineffective assistance claim and dismissed the motion to vacate for failure to state a claim. (Id., Doc. No. 37). Through counsel, Petitioner filed the pending motion to vacate in May 2016. (Civ. Doc. No. 1). The Fourth Circuit granted his motion for authorization to file a successive Section 2255 motion based on Johnson. (Civ. Doc. No. 1-1).

In support of his motion to vacate, Petitioner contends that he no longer qualifies as an armed career criminal because, in light of Johnson, he has no more than two prior convictions that qualify as predicates under the ACCA, and his 180-month sentence exceeds the 10-year statutory maximum and violates due process of law. Specifically, Petitioner contends that his conviction for assault with a deadly weapon does not qualify as a "violent felony" under Johnson because it does not satisfy the force clause of Section 924(e)(2)(B)(i). Petitioner further contends that, under Simmons and Newbold, his two prior drug convictions, which had a presumptive term of three years with no aggravating factors, do not qualify as "serious drug offenses" under the ACCA. Petitioner contends that he has no more than two prior convictions that qualify as ACCA predicates. Petitioner does not challenge his two prior convictions for robbery with a dangerous weapon. (Civ. Doc. No. 1 at 7-9).

This case was held in abeyance pending the Fourth Circuit's decision in <u>United States v. Thompson</u>, 874 F.3d 412 (4th Cir. 2017) (holding that a prior North Carolina conviction for assault inflicting serious bodily injury constituted a "crime of violence" under the residual clause of Section 4B1.2 of the United States Sentencing Guidelines). On December 26, 2017, following the decision in <u>Thompson</u>, the Government filed the pending motion to dismiss. (Doc. No. 7). On December 27, 2017, the Government filed the pending motion to amend/correct the pending motion to dismiss, (Doc. No. 8), along with an amended motion to dismiss, (Doc. No. 9). On March 12, 2018, Petitioner filed his response, (Doc. No. 14), and on March 27, 2018, the Government filed its Reply. (Doc. No. 17). Finally, on April 12, 2018, Petitioner filed a Notice of Supplemental Authority. (Doc. No. 18). This matter is ripe for disposition.

## II.    STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. <u>See</u> <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

### A.  The ACCA, <u>Johnson</u>, <u>Simmons</u>, and <u>Newbold</u>

As noted, Petitioner contends that, under <u>Johnson</u>, <u>Simmons</u>, and <u>Newbold</u>, he no longer has three predicate felonies subjecting him to a 15-year mandatory minimum sentence under the ACCA. This Court, therefore, first sets forth the legal landscape under the ACCA, <u>Johnson</u>, <u>Simmons</u> and <u>Newbold</u>.

First, the ACCA provides for a mandatory minimum term of 15 years in prison for any defendant who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). When Petitioner was sentenced, "violent felony" was defined to include "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B).

In 2015, the Supreme Court held in Johnson that the provision defining "violent felony" to include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the "residual clause" of the ACCA's "violent felony" definition, is void for vagueness. Johnson, 135 S. Ct. at 2556, 2558. The Supreme Court also held that the clause is void "in all its applications." Id. at 2561. The Court did not strike the remainder of the "violent felony" definition, including the four enumerated offenses and the "force clause" of Section 924(e)(2)(B)(i). Id. at 2563. Under the still-valid "force clause" of Section 924(e)(2)(B)(i), a "violent felony" is defined as having "as an element the use, attempted use, or threated use of physical force against the person of another."

As a result of Johnson, a defendant who was sentenced to a statutory mandatory-minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. Where, however, the prior convictions upon which his enhanced sentence is based qualify as violent felonies under the "force clause" or qualify as one of the four enumerated offenses, no relief is warranted. On April 18, 2016, the

6

Supreme Court held in <u>Welch v. United States</u>, 136 S. Ct. 1257, 1265 (2016), that <u>Johnson</u> is retroactively applicable on collateral review to claims that the defendant was improperly sentenced as an armed career criminal.

The ACCA defines a "serious drug offense" to include "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). In <u>United States v. Simmons</u>, 649 F.3d 237 (2011), the Fourth Circuit held that an offense qualifies as a "felony drug offense" for purposes of 21 U.S.C. § 841(b)(1) and is punishable by more than one year in prison only if the defendant could have received a sentence of more than one year in prison, overturning its earlier decisions in <u>United States v. Jones</u>, 195 F.3d 205 (4th Cir. 1999), and <u>United States v. Harp</u>, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit had held that an offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year upon conviction for that offense. <u>See</u> <u>Simmons</u>, 649 F.3d at 247. Thus, for purposes of a qualifying predicate conviction under Section 841(b)(1), a predicate conviction is not "punishable for a term exceeding one year," unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act.

In <u>Newbold</u>, the Fourth Circuit held that the rule of <u>Simmons</u> applies to the determination of whether a prior offense is a predicate under the ACCA and that such a claim may be raised in a Section 2255 proceeding. 791 F.3d at 459-61. That is, for a prior drug conviction to qualify as a predicate under the ACCA, the particular defendant in the case must have been facing a ten-year sentence on the drug conviction. In <u>Newbold</u>, the Fourth Circuit held that the defendant's 1984 North Carolina drug conviction did not qualify as a serious drug offense because, under the

7

North Carolina Fair Sentencing Act, he could not have received ten years of imprisonment for that offense without the finding of aggravating factors.  Id. at 461-63.

**1.  The Government's Contention that Petitioner Waived the Right to Bring His Johnson Claim in His Written Plea Agreement**

In its response, the Government first contends that because Petitioner does not allege ineffective assistance or prosecutorial misconduct, his claim falls within the scope of his waiver in his plea agreement.  The Court does not agree, as the Court finds that the facts of this case fall under the well-established exception to the general rule that a defendant may waive his right to appellate review of a sentence.  In United States v. Marin, the Fourth Circuit explained that "a defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute."  961 F.2d 493, 496 (4th Cir. 1992).  Under Marin, then, Petitioner's challenge to his ACCA sentence is not barred by his collateral-relief waiver.  Indeed, this Court has previously recognized that the Marin principle permits a post-conviction challenge to an ACCA sentence:

> Contrary to the Government's contention, the Petitioner's claim is not barred by his appellate waiver.  While the Petitioner's plea agreement includes a waiver of all rights to appellate and post-conviction relief except on the grounds of prosecutorial misconduct and ineffective assistance of counsel, it is well established that "a defendant could not be said to have waived his right to . . . review of a sentence imposed in excess of the maximum penalty provided by statute . . . ." United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).  Here, without the ACCA enhancement, the Petitioner would have faced a statutory maximum sentence of 120 months.  See 18 U.S.C. § 924(a)(2).  With the ACCA enhancement, however, the Petitioner faced a mandatory minimum sentence of at least 180 months.  See 18 U.S.C. § 924(e).  Because his vacated convictions invalidate the recidivist enhancement he received under the ACCA, the Petitioner received a sentence greater than the maximum sentence he should have faced.  The appellate waiver set forth in the plea agreement, therefore, does not bar the Petitioner's present claim.

Self v. United States, No. 2:08-CR-28, 2015 WL 5330486, at *3 (W.D.N.C. Sept. 12, 2015) (Reidinger, J.) (emphasis in original).

In sum, the Court finds that Petitioner did not waive, in his plea agreement, the right to challenge the application of a mandatory minimum sentence under the ACCA.

**2. The Government's Argument that Petitioner's <u>Johnson</u> Claim Is Also Procedurally Defaulted**

The Government next argues that Petitioner's <u>Johnson</u> and <u>Newbold</u> claims are also subject to dismissal because they are procedurally defaulted and Petitioner has not shown cause or prejudice to excuse the procedural default. In support of its claim, the Government cites <u>Whiteside v. United States</u>, 775 F.3d 180, 185 (4th Cir. 2014) (en banc), in which the Fourth Circuit noted that "alleged futility cannot serve as 'cause' for a procedural default in the context of collateral review." The Government further argues that Petitioner also cannot establish prejudice, because, even if he could challenge his conviction for assault with a deadly weapon inflicting serious injury, he still had four other ACCA predicate offenses that are not impacted by <u>Johnson</u>.

The Court does not agree. As is well established, where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised on collateral review only if the defendant can first demonstrate cause and actual prejudice, or that he is actually innocent of the conviction he challenges. <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998); <u>see also</u> <u>Trevino v. Thaler</u>, 133 S. Ct. 1911, 1917 (2013) ("A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law.") (quoting <u>Martinez v. Ryan</u>, 132 S. Ct. 1309, 1316 (2012)). With respect to the cause-and-prejudice standard, a petitioner must demonstrate (1) the existence of cause for a

procedural default that turns on something external to the defense; and (2) actual prejudice resulting from the errors of which he complains. United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010).

First, as to the Government's futility argument under Whiteside, Petitioner's claim falls within a well-established exception to that general rule regarding futility as set forth in Whiteside. In Reed v. Ross, the Supreme Court recognized three specific situations in which the novelty of a constitutional claim would provide "cause" for a defendant's failure to raise the issue:

> First, a decision of this Court may explicitly overrule one of our precedents. Second, a decision may overturn a longstanding and widespread practice to which this Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved. And, finally, a decision may disapprove a practice this Court arguably has sanctioned in prior cases.

468 U.S. 1, 17 (1984) (internal citations, alterations, and quotation marks omitted). Petitioner contends, and this Court agrees, that this case falls within the first category of cases identified by Reed. When Petitioner was sentenced, the Supreme Court had already rejected a vagueness challenge to the ACCA's residual clause in James v. United States, 550 U.S. 192, 210 n.6 (2007). The recent decision in Johnson expressly overruled James. See Johnson, 135 S. Ct. at 2563 ("Our contrary holdings in James and Sykes are overruled.").

Thus, under Reed, the decision in James provides Petitioner with "cause" for failing to raise a vagueness challenge to the ACCA's residual clause. See Reed, 468 U.S. at 17 ("By definition, when a case falling into one of the first two categories is given retroactive application, there will almost certainly have been no reasonable basis upon which an attorney previously could have urged a state court to adopt the position that this Court has ultimately adopted.

10

Consequently, the failure of a defendant's attorney to have pressed such a claim before a state court is sufficiently excusable to satisfy the cause requirement.").

Moreover, since Johnson, several courts have applied Reed to find "cause" to excuse the procedural default of a Johnson claim. See, e.g., Casper v. United States, No. 1:16-cv-122, 2016 WL 3583814, at **4-5 (W.D.N.C. July 1, 2016); United States v. Gomez, No. 2:04-cr-2126-RMP, 2016 WL 1254014, at *4 (E.D. Wash. Mar. 10, 2016) (citing Reed, and stating that, "[a]s Defendant was unable, due to the governing law not yet existing, to raise his claim arising from Johnson, procedural default has no application in this matter"); Cummings v. United States, No. 15-cv-1219-JPS, 2016 WL 799267, at *7 (E.D. Wis. Feb. 29, 2016) (stating that the cause for the petitioner's procedural default for failing to raise his Johnson claim existed under Reed); United States v. Dean, No. 3:13-CR-00137-SI, 2016 WL 1060229, at *6 (D. Or. Mar. 15, 2016) (same).

The Government does not acknowledge Reed or Casper in its response brief. It relies, instead, on the general futility principle applied by the Fourth Circuit in Whiteside. As Petitioner notes, if a conflict exists between Whiteside and Reed, then the Supreme Court's decision in Reed controls. This Court agrees with those courts that have held that Petitioner's Johnson claim falls clearly within the first category of cases noted by Reed that constitute cause to excuse procedural default. Therefore, the Court finds that Petitioner has shown cause excusing his procedural default for failing to raise his Johnson claim in his prior proceedings.[2]

### 3. Merits of Petitioner's Claims

As noted, Petitioner was sentenced under the ACCA, and the PSR found that he had the following predicate convictions: (1) a 1990 conviction for possession with intent to sell/deliver

---

[2] The Court discusses in its merits analysis, see infra, the Government's additional argument that Petitioner also cannot show prejudice.

cocaine; (2) a 1990 North Carolina conviction for possession with intent to sell/deliver a controlled substance; (3) a 1994 conviction for assault with a deadly weapon inflicting serious injury; and (4) two prior convictions for robbery with a dangerous weapon. The parties agree that the two prior convictions for robbery with a dangerous weapon count as ACCA predicates. See (Doc. No. 14 at 5: Pet.'s Response to Government's Motion to Dismiss) ("[Petitioner] concedes that his two prior convictions for robbery with a dangerous weapon under N.C. Gen. Stat. 14-87 satisfy the ACCA's force clause under current law."). Thus, it is undisputed that Petitioner has two prior ACCA predicates. The issue remaining before this Court on the Government's motion to dismiss is whether the two drug convictions and/or the assault conviction qualify as ACCA predicates. If at least one of these convictions qualifies, then Petitioner still has three ACCA predicate convictions, and his motion to vacate must be denied.

Petitioner contends that, under Johnson, Newbold, and Simmons, neither his two drug convictions nor his assault conviction count as ACCA predicates. The Government has not disputed Petitioner's contention that, following Simmons and Newbold, his prior drug convictions no longer qualify as ACCA predicates. The Government does contend, however, that Petitioner's contentions regarding his two prior drug convictions and his assault conviction amount to unauthorized successive applications and that his Simmons and Newbold claims are also time-barred. The Government reasons that because Petitioner has no valid Johnson claim as to his assault conviction, he therefore cannot bootstrap his Simmons and Newbold claims onto a Johnson claim in order to avoid the rule regarding successive petitions and the one-year time bar as to the Simmons and Newbold claims. The Government posits that Petitioner is, therefore, barred from challenging his sentence based on his claim that his prior drug convictions no longer

qualify as ACCA predicates.  The Government further argues that, in any event, the assault

conviction still qualifies as a violent felony under the ACCA.

This Court rejects the Government's arguments for the following reasons and finds that

Petitioner is entitled to be resentenced without application of a 15-year mandatory minimum

sentence.  First, as to Petitioner's assault conviction, the Government contends that Petitioner has

not proven his burden of showing that his assault was found to qualify as a predicate offense

under the ACCA's now-invalid residual clause.  The Government contends that, in any event, the

Petitioner's assault conviction does not qualify as a violent felony under the still-valid "force"

clause of Section 924(e)(2)(B)(i), which defines a "violent felony" as having "as an element the

use, attempted use, or threatened use of physical force against the person of another."  The Court

agrees with Petitioner, however, that for the reasons already articulated by the Court in Moore v.

United States, No. 1:16-cv-147-MR (W.D.N.C. Mar. 16, 2028) (Reidinger, J., presiding), a prior

conviction for North Carolina assault with a deadly weapon inflicting serious injury does not

qualify as a violent felony under the still-valid force clause of 18 U.S.C. § 924(e)(2)(B)(i).[3]  That

---

[3]  As Judge Reidinger rightly noted in Moore, the Court's conclusion here defies common sense, but the Court is constrained by current law to conclude as such.  As Judge Reidinger explained in Moore, the "determination of whether the Petitioner is subject to a fifteen-year mandatory minimum is determined not by any examination of the Petitioner's actions in committing the offense at issue or any prior offense. Rather, the analysis hinges on the elements of a statute under which the Petitioner was convicted as such statute may apply to some hypothetical defendant accused of violating such statute in a manner entirely different from anything the Petitioner herein ever did or was ever accused of having done."  (Id. at p. 13 n.7).

Here, Petitioner was convicted of assault with a deadly weapon inflicting serious injury by assaulting his victim with a handgun and causing serious injury.  He was originally charged, however, with assault with a deadly weapon with intent to kill, which a use of common sense would recognize as having "as an element the use, attempted use, or threatened use of physical force against the person of another."  Nonetheless, under current law, the Court's analysis in determining whether this was a "violent felony" must focus on "the minimum conduct needed to commit [the] offense," United States v. Doctor, 842 F.3d 306, 309 (4th Cir. 2016), which,

is, the Court has already held, specifically, that a North Carolina conviction for assault with a

deadly weapon inflicting serious injury under N.C. GEN. STAT. § 14-32(b) "is not a divisible

offense, and because [a conviction for assault with a deadly weapon inflicting serious injury can

be obtained under North Carolina law] based upon a showing of culpable negligence, the Court

concludes that the offense is categorically not a "violent felony" within the meaning of the

ACCA's force clause."  (Civil No. 1:16cv147-MR, Doc. No. 11 at 20).

    The Court further finds that Petitioner is not barred from presenting the merits of his

Simmons and Newbold claims in this action as to his two prior drug convictions.  Here,

Petitioner contends that, under Simmons and Newbold, his two prior drug convictions, which

had a presumptive term of three years with no aggravating factors, do not qualify as "serious

drug offenses" under the ACCA, which, as noted, requires a term of ten years.  Petitioner

contends that, under Johnson and Newbold, he has no more than two prior convictions that

qualify as ACCA predicates.

    In response to Petitioner's argument, the Government asserts that this Court should not

address the merits of Petitioner's Newbold claim regarding his drug convictions because the

claim amounts to a successive Section 2255 petition and it is also time-barred.   The Court does

not agree.  As Petitioner notes, in contrast to its current position, the Government has previously

conceded, where the Fourth Circuit has authorized a second-or-successive Section 2255 motion

---

applying North Carolina law, hinges on the application of N.C. GEN. STAT. § 14-32(b) (assault
with a deadly weapon inflicting serious injury) to the North Carolina offense of driving while
impaired.  See State v. Jones, 353 N.C. 159, 538 S.E.2d 917 (2000).  The upshot is that, under
controlling law (which demands esoteric, intellectual-sounding phrases such as "divisible
statues" and "modified categorical approaches," which almost no one even understands), a
person who shoots another person with the intent to kill them has not committed a "violent
felony" under the ACCA.

14

based on Johnson, that the district court consider must consider Simmons and Newbold in

determining whether the defendant continues to have three ACCA predicates in light of Johnson.

See (Government's Response in Support of Motion to Vacate, Adams v. United States, 3:16-cv-

218 (May 23, 2016), Doc. No. 5 at 5-6 (agreeing to relief on second-or-successive petition where

the defendant no longer had three ACCA predicates based on the combination of Johnson and

Simmons); Government's Response in Support of Motion to Vacate, Galloway v. United States,

1:16-cv-117 (May 10, 2016), Doc. No. 3 at 4-6 (agreeing to relief on second-or-successive

petition where the defendant no longer had three ACCA predicates based on the combination of

Johnson and Newbold).

This Court finds no significant difference in the procedural posture of this case and the

Adams and Galloway cases.[4]  This Court finds that Petitioner is not barred procedurally from

challenging his prior drug convictions under Newbold and Simmons, and the Court further finds

that Petitioner prevails on the merits of his Newbold and Simmons claim as to his two prior drug

convictions.  That is, following Simmons and Newbold, his two prior drug convictions, which

had a presumptive term of three years with no aggravating factors, do not qualify as "serious

---

[4]  The Government contends that the legal argument it presents in this case is "distinguishable" from its position in the Adams and Galloway cases "because the government does not concede [in this case] that any of [Petitioner's] prior predicates is infirm under Johnson and in light of the government's agreement to dismiss other charges carrying a mandatory life sentence." (Doc. No. 17 at 9-10).  First, the Court has found, contrary to the Government's argument, that Petitioner's prior predicate of assault with a deadly weapon inflicting serious injury is indeed infirm under Johnson.  Furthermore, the Court does not accept the Government's contention that it may embrace a different legal stance here than the one it took in Adams and Galloway merely because, in this case, Petitioner could have been subject to a mandatory life sentence before entering into his plea agreement had the Government not agreed to dismiss the Section 851 notice.  The Government implies that it has already granted Petitioner some leniency in dismissing the Section 851 notice, and that he is entitled to no more.  Whether Petitioner may raise a combination of a Johnson and Newbold claim as a matter of law, however, does not and should not depend on the sentence a defendant may have been facing before entering into a plea agreement.

drug offenses" under the ACCA.  Thus, these two prior drug convictions, as well as Petitioner's prior assault conviction, no longer qualify as predicates under the ACCA.  This means that Petitioner has, at most, two prior convictions (his robbery convictions) that qualify as predicates under the ACCA.  Therefore, he is entitled to be resentenced without application of the 15-year mandatory minimum sentence under the ACCA.

## IV.    CONCLUSION

For the reasons stated herein, the Court grants Petitioner's motion to vacate, denies the Government's motion to dismiss, and finds that Petitioner is entitled to be resentenced without the application of a 15-year mandatory minimum sentence under the ACCA.

**IT IS, HEREBY, ORDERED that**:

(1)    Petitioner's Motion to Vacate, (Doc. No. 1), is **GRANTED**.

(2)    The Government's Motion to Amend/Correct Motion to Dismiss Petitioner's Motion to Vacate, (Doc. No. 8), is **GRANTED**.

(3)    The Government's Motion to Dismiss, (Doc. No. 7), and the Government's Amended Motion to Dismiss Petitioner's Motion to Vacate, (Doc. No. 9) are **DENIED**.

(4)    Petitioner shall be resentenced in accordance with this Order.

Signed: July 27, 2018

Max O. Cogburn Jr.
United States District Judge